HARDY, Judge.
This is a suit by plaintiff for the recovery of damages to its 1950 Chevrolet panel truck resulting from a collision with an automobile owned and driven by one Carl G. Deaton, the assured of defendant, Lumber Mutual Fire Insurance Company. From a judgment in favor of said defendant insurer rejecting its demands plaintiff has appealed.
A companion suit, arising from the same accident, instituted by Lumber Mutual Fire Insurance Company, Carl G. Deaton and Johnny Deaton as plaintiffs, naming as defendant, Southwestern Wholesale Company, Inc. and its insurer, Phoenix Assurance Company of New York, was consolidated with this suit for purposes of trial and appeal.
The accident which is the basis of these actions occurred about 2:50 P.M. on January 2, 1958, at the intersection of Texas Avenue and Gary Street in the City of Shreveport. As set forth in the stipulation of counsel, Texas Avenue is a right-of-way thoroughfare on which the permissive speed limit is fixed as 35 miles per hour, while Gary Street is a subordinate street on which traffic is required to come to a stop before attempting to enter and negotiate the intersection of Texas Avenue. Texas Avenue is a six-lane street, 54.8 feet in width, on which the extreme outside lanes are used for parking.
At the time of the accident plaintiff’s truck, driven by its employee, Levi Gardner, was moving south on Texas Avenue at a speed of approximately 30 miles per hour in the center of the three southbound traffic lanes; Carl Deaton, driving his 1955 Ford automobile in a westerly direction on Gary Street, after coming to a stop be *153 fore entering the intersection, attempted to negotiate the crossing of Texas Avenue and was struck by plaintiff’s truck at a point just south of the curb line of Gary Street and approximately midway of the outside parking and the middle traffic lane leading south on Texas Avenue; the left front of the Chevrolet truck struck the center of the Ford automobile.
The testimony of Gardner, driver of plaintiff’s truck, is that he saw the Deaton car parked on Gary Street and observed it beginning to cross the Texas Avenue intersection at a time when he was at a point on Texas Avenue which was subsequently identified as being approximately 60 feet from the north curb line of Gary Street; that he immediately applied his brakes and turned his vehicle to the right, partly in the parking lane on the west side of Texas Avenue, but, despite these actions, he was unable to avoid the collision.
Deaton testified that after stopping before entering the intersection of Texas Avenue he made observation of the movement of traffic, waited for a northbound car on Texas Avenue to clear the intersection, and then began the crossing of Texas Avenue at a slow rate of speed. This witness further testified that he did not observe the approach of plaintiff’s truck until an instant before the impact of the collision. This testimony was corroborated by Deaton’s brother, Johnny Deaton, who was a passenger in the car and whose attention to the approaching truck was attracted by the screeching of its brakes.
The testimony of two traffic officers investigating the accident threw little additional light upon the occurrence of the accident as they made no measurements nor apparently any very detailed observation of the physical circumstances. The officers did identify the point of impact as being located about as has been above noted in this opinion and one of the officers testified that there were evidences of skidmarks by plaintiff’s truck extending some 15 or 20 feet north of the point of impact,
The only other significant testimony was given by the witness, Roosevelt Washington, who was sitting in his Pontiac automobile, which was headed east on Gary Street, and was stopped at or near the stop sign on the west side of Texas Avenue. Washington’s car was struck by the Deaton automobile as it caromed off the left side thereof from the force of the impact by plaintiff’s truck.
The above are all of the material and relevant facts to be derived from the testimony of the witnesses, with the exception of one which we regard as significant, namely: both Gardner and Washington, in describing the movement of the Deaton car as it attempted to negotiate the crossing of Texas Avenue, testified that it “dug out” from its stopped position, with wheels spinning and leaving as evidence of this violent acceleration heavy black tire marks for a distance approximately half the width of Texas Avenue. The record discloses no contradiction of this testimony, and it can only be concluded that the Deaton car was moving under heavy acceleration at a much more rapid rate of speed than admitted by the testimony of the driver.
It is further pertinent to observe that the factual circumstances of time and distance do much to completely corroborate the testimony of Gardner. Beginning with his observation of the movement of the Deaton car into the intersection of Texas Avenue at a time when his vehicle was, according to his estimate of distance, approximately 60 feet from the intersection, traveling at a speed of 30 miles per hour, the distance covered during the reaction period, plus the approximation of the skidmarks, plus the turning movement of the truck to the right, and with allowance of a reasonable margin for error, would have brought the vehicle to the point of impact.
We do not find that the record discloses any negligence on the part of the driver of plaintiff’s truck. To the contrary, the failure of Carl Deaton to observe the approach of plaintiff’s truck, there being no obstruction nor hindrance to the view, con *154 stitutes an inescapable imputation of negligence. This failure to see what could and should have been seen, and Deaton’s action in attempting to negotiate the passage of the intersection in the face of approaching right-of-way traffic, was the sole and proximate cause of the collision.
For the reasons assigned the judgment appealed from is annulled, set aside and reversed, and,
It is now ordered, adjudged and decreed that there be judgment in favor of plaintiff, Southwestern Wholesale Company, Inc., and against the defendant, Lumber Mutual Fire Insurance Company, in the full sum of $200.07, with interest thereon from date of judicial demand until paid, together with all costs.